Pearson, J.
 

 This was a petition filed in the County Court, for an account of the estate of one Morris, and for the payment of a filial portion. An exception-was made by the plaintiffs, to the amount stated by the commissioner,, because the commissions were improper and excessive. .The exception was not allowed by the County Court, and upon appeal to the Superior Court, it was again not allowed, and, thereupon, there was an appeal to this Court.
 

 
 *104
 
 We do not accede to the position, taken by the counsel for the defendant, that this Court has no power to revise the decision of the Courts below, on the question of commissions. Where there is a. mistake in the law, or where commissions are allowed, contrary to law, as if commissions be allowed upon a
 
 retainer
 
 ot the administrator as a
 
 disbursenent,
 
 or upon the value of slaves, who are not sold but áre delivered, to the distributees, it is conceded, that this Court has power to correct the error, and this distinc.tion is contended for : This Court has jurisdiction, when ••commissions arc allowed upon a wrong principle, bat not where it is suggested; that the commissions are excessive ; for the
 
 amount
 
 of commissions is a
 
 mailer of discretion,
 
 restrained by statute to five per cent, and this Court has no right to review the exercise of this discretion. We admit the distinction,-but do not concede to it the effect contended for, except to this extent; \\ hrn the objection is put on 'the ground of inadequacy, or of excess, this Court is not disposed to interpose, unless the amount is clearly inadequate, or clearly excessive, for the reason, that it most usually happens, a more minute investigation of the entire subject of the account takes place in (he Court below, than it becomes necessary to give to it in this Court, and it is therefore proper to presume that the rate adopted in the Court below is correct.
 

 But it is asked upon what principle can this Court review a matter of discretion, which has been acted on in the Court below? The distinction is this: when the exercise of discretion is in reference to a matter, arising collaterally, and which does not present itself as a question in the cause, the decision of the Court below is conclusive, as in cases of amendmentbut when the discretion is used in reference to a
 
 question in the
 
 cause, the decision is subject to review: For although in one sense if is a matter of discretion, still
 
 *105
 
 being a question in the cause» the appeal which brings tip the whole case necessarily brings it tip.
 

 The act, in reference to the recovery of "legacies, filial portions, and distributive sha íes/' confers on the County Court Equity jurisdiction, to a limited extent, unders which those courts enter into all matters connected With taking accounts, and settling estates, among which the allowance to executors artd administrators is a question, presented in every ease, and is just as much a
 
 question in the cause,
 
 as allowing or rejecting a voucher; consequently an appeal carries up the question of commissions to the Superior Court, and to a limited extent incidentally confers equity jurisdiction upon the law side of that Court. • Aq appeal to this Court has a like effect. In
 
 Walton
 
 v
 
 Avery,
 
 2 D. & Bat. Eq. 411, this question is discussed, and it is held, “ the subject of commissions as incidental to the settlement of administrators, is within the cognizance of every Court exereising equitable jurisdiction in a suit, for the purpose of settling those'accounts.1’ It was insisted by the plaintiffs counsel, that as to one item, the allowance was
 
 wrong in principle,
 
 and of course ought to be corrected. The intestate held on one White a note for $12.000. This note the administrator passed over, as cash, fo the guardian of some of the distributees ; the amount is included under the head of " receipts,” upon which commissions are allowed. It is argued, this note being passed over without the trouble of collection is like the case of a slave, delivered to a distribu-tee, whose value is not to be included under the head of “ receipts.” The argument merited consideration, but we have come to the conclusion that the eases are not the same. In reference to a slave, the administrator has no responsibility ; whereas, by not requiring payment of the note, he becomes chargeable for the amount. There is the further consideration ; a note passed over in this way is kept at in*
 
 *106
 
 terest all the time. This is for the benefit of the estate, and if the administrator chooses to take the risk, we can see no reason for requiring him to collect any note. It is said, again, in reference to this note, the rate of commissions is
 
 clearly excessive.
 
 If this was an isolated question, we should hare no hesitation in saying, that the allowance was excessive. But when we see this was a large estate, involved in a good deal of litigation, although taking it all together, we think the commissions are high, yet we do not consider them so exorbitant as to call for interference on our part, in the face of the decision of the County Court, which was concurred in by the Superior Court,
 

 Per Curiam. Decree affirmed.